IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRADARIO BRIM,

    Plaintiff,

v.

CHRISTOPHER STEVENS, JAY VAN LANEN,
WILLIAM SWIEKATOWSKI, JOHN KIND,
SCOTT ECKSTEIN, CATHY FRANCOIS, and
AMY ZIRBEL,

    Defendants.[1]

OPINION & ORDER

18-cv-24-jdp

---

Pro se plaintiff Fradario Brim is a Muslim prisoner incarcerated at the Green Bay Correctional Institution (GBCI). He is proceeding on claims under the First, Eighth, and Fourteenth Amendments against defendants, GBCI officials, who he alleges conspired to send him to disciplinary segregation and administrative confinement because of his religious practices and his filing of *Brim v. Donovan*, No. 15-cv-658 (W.D. Wis. filed Oct. 13, 2015). Several motions are pending before the court. Brim asks me to reconsider several aspects of my February 28, 2018 order screening his complaint. Dkt. 12. Defendants move to transfer the case to the Eastern District of Wisconsin. Dkt. 14. Finally, Brim asks me to order defendants to allow him to use a pen. Dkt. 16. I will grant Brim's motion for reconsideration in part and allow him to proceed on substantive due process claims against three defendants. I will deny the remaining motions.

---

[1] I have updated the caption to reflect defendants' full names.

MOTION FOR RECONSIDERATION

In my February 28 screening order, I denied Brim leave to proceed on a First Amendment retaliation claim against Rebecca Paulson, the Assistant Attorney General representing the defendants in the '658 case. I explained that "[w]ithout factual allegations indicating Paulson's involvement" in the allegedly retaliatory transfer to segregation, Brim could not state a claim against her; Brim's "speculation" that Paulson "orchestrated" the transfer was not enough. Dkt. 8, at 6. Brim asks me to reconsider. He argues that his allegation that Paulson was involved is sufficient, citing *Burks v. Raemisch*, 555 F.3d 592 (7th Cir. 2009).

*Burks* concerned a district court's screening of a prisoner's deliberate indifference claim. The prisoner, Burks, alleged that he complained to doctors and nurses in the prison's medical unit about his eye condition but was not treated. Burks named as a defendant the director of the medical unit, but he did not "explain how she came to know of his eye condition." *Id.* at 594. The Court of Appeals for the Seventh Circuit held that Burks stated a "plausible" deliberate indifference claim, which requires allegations that the defendant knew of the eye condition and consciously disregarded it. *Id.* The court explained that "knowledge and intent may be pleaded generally (which is to say, in a conclusory fashion)." *Id.*

I take Brim to argue that under *Burks*, his conclusory allegations of Paulson's retaliatory intent are sufficient to state a claim. But allegations of Paulson's intent aren't what's lacking—it's Paulson's participation in the adverse action that Brim hasn't sufficiently alleged. Brim has not alleged any facts making it likely that Paulson directed GBCI officials to transfer Brim to segregation. Paulson doesn't work at GBCI—she's a lawyer for the Department of Justice—and there's no reason to think that she could or would involve herself in administrative decisions about whether to transfer GBCI inmates to segregation. Compare that to *Burks*, where the

2

defendant's job was to oversee the prison's medical unit and the prisoner alleged that another prison official "told the health unit to send Burks to an ophthalmologist," making it "likely that [the director] learned of this directive." *Id.* Without additional factual allegations explaining why Brim believes Paulson directed GBCI officials to transfer Brim to segregation, I will not allow him to proceed against her.

Brim also asks me to consider allowing him to proceed against defendants Christopher Stevens, Jay Van Lanen, John Kind, and William Swiekatowski on claims under the Substantive Due Process Clause of Fourteenth Amendment.

In my February 28 order, I allowed Brim to proceed against Stevens, Van Lanen, and Kind on First Amendment retaliation claims and Eighth Amendment conditions-of-confinement claims because he alleged that these three defendants sent him to segregation under false pretenses in retaliation for his religious practices and legal activity. I allowed him to proceed against Swiekatowski on an Eighth Amendment conditions-of-confinement claim and a Fourteenth Amendment procedural due process claim because he alleged that Swiekatowski voted to place him in segregation for a different reason than the one that was communicated to him before his hearing. I did not consider any potential substantive due process claims in my February 28 order, so I will do so now.

"Issuing false and unjustified disciplinary charges can amount to a violation of substantive due process if the charges were in retaliation for the exercise of a constitutional right." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). *Black* provides a narrow exception to the "general rule that, where another provision of the Constitution provides an explicit textual source of constitutional protection, a court must assess a plaintiff's claim under that explicit provision, rather than through the more generalized lens of substantive due process." *Sheppard*

3

*v. Walker*, 2014 WL 2890787, at *1 (W.D. Wis. June 25, 2014) (citing *Conn v. Gabbert*, 526 U.S. 286, 293 (1999)).

Brim alleges that Stevens and Van Lanen issued false disciplinary charges in retaliation for the exercise of his First Amendment rights, so he states substantive due process claims against them. He alleges that Kind adopted a false recommendation for administrative confinement in retaliation for the exercise of his First Amendment rights. Kind's alleged actions don't fall squarely within *Black*'s definition the way Stevens' and Van Lanen's actions do, but at the screening stage, I see no reason not to allow Brim to proceed on a substantive due process claim against Kind, too. But Brim does not allege that Swiekatowski's actions were retaliatory. In his motion for reconsideration, he argues only that Swiekatowski's actions were "unfair and arbitrary." Dkt. 12, at 3. Nor does Brim allege that Swiekatowski falsified any findings or even knew that the basis for the recommendation for administrative confinement was false. Brim's allegations concerning Swiekatowski are too far afield to qualify for *Black*'s narrow exception—those allegations are best considered under the Eighth Amendment and the Fourteenth Amendment's Procedural Due Process Clause. So I will not allow Brim to proceed on a substantive due process claim against Swiekatowski.

MOTION TO TRANSFER VENUE

Defendants move to transfer this case to the Eastern District of Wisconsin under 28 U.S.C. § 1404(a). Dkt. 14. They contend that transfer to the Eastern District, where Green Bay is located, is clearly more convenient for the parties and witnesses because the events at issue occurred there, the parties reside there, and many potential witnesses "are located" there. *Id.* at 2.

Under § 1404(a), a court may transfer a case to another district where the action may have been brought if transfer serves the convenience of the parties and witnesses and will promote the interest of justice. *See Coffey v. Van Porn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). "The statute permits a 'flexible and individualized analysis.'" *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The defendants bear the burden of establishing that the transferee forum is clearly more convenient. *Coffey*, 796 F.2d at 219. The parties do not dispute that venue is proper in both the Western District and the Eastern District, so I will turn directly to the convenience and interest-of-justice inquiries.

The convenience inquiry "generally" focuses on "the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation*, 626 F.3d at 978. Brim does not dispute that these factors weigh in favor of transfer. I note, however, that they do not weigh *heavily* in favor of transfer, as the Western District's courthouse is still just a few hours from Green Bay by car. Plus, "[t]he plaintiff's choice of forum is usually given substantial weight," although it "is given less deference 'when another forum has a stronger relationship to the dispute.'" *Almond v. Pollard*, No. 09-cv-335, 2010 WL 2024099, at *2 (W.D. Wis. May 18, 2010) (quoting *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007)). Brim chose to file in the Western District.

The interest-of-justice inquiry "relates to the efficient administration of the court system" and focuses on "factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978. "The interest of

5

justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.* Defendants acknowledge that the Eastern District and Western District share similar caseloads and similar time to trial; both courts are familiar with the relevant law. They don't argue the remaining factors. Brim argues that the interest of justice favor the Western District because the related '658 case is being litigated here. Defendants point out that district courts tend to give this factor "little weight." *See Am. Can Co. v. Crown Cork & Seal Co.*, 433 F. Supp. 333, 338 (E.D. Wis. 1977). That may be, but on balance, the interest of justice weighs against transfer: this court is familiar with the factual background of the case, and transferring the case would result in delays as a new judge got caught up to speed. Defendants have not met their burden of showing that the Eastern District is clearly more convenient, so I will deny their motion to transfer venue.

MOTION FOR AN ORDER ALLOWING USE OF A PEN

Brim's response to defendants' transfer motion was written in crayon because GBCI officials recently banned pen inserts from segregation in an "effort to keep sharp objects away from self-harming inmates." Dkt. 20, at 1. The same day Brim filed his response through the prison's e-filing system, he mailed a motion to the court explaining why his filings were written in crayon, expressing concern that the prison wouldn't accept his response for filing because it was written in crayon, and asking for an "order for permission to use pen for legal work." Dkt. 16, at 2.

Brim's response was accepted for efiling and was legible, so the ban on pens is not impeding his access to the court. Therefore, I have no reason to question GBCI officials'

discretionary decision to restrict the writing implements available to inmates. I will deny Brim's motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Fradario Brim's motion for reconsideration, Dkt. 12, is GRANTED in part.

2. Plaintiff is GRANTED leave to proceed on the following claims:

    a. First Amendment retaliation claims against defendants Christopher Stevens, Jay Van Lanen, John Kind, and Scott Eckstein.

    b. A First Amendment mail censorship claim against defendant Christopher Stevens.

    c. Eighth Amendment conditions-of-confinement claims against defendants Christopher Stevens, Jay Van Lanen, John Kind, William Swiekatowski, John Kind, Cathy Francois, and Scott Eckstein.

    d. Fourteenth Amendment procedural due process claims against defendants William Swiekatowski, Cathy Francois, and Amy Zirbel.

    e. Fourteenth Amendment substantive due process claims against defendants Christopher Stevens, Jay Van Lanen, and John Kind.

3. Defendants' motion to transfer, Dkt. 14, is DENIED.

4. Plaintiff's motion for an order allowing him to use a pen, Dkt. 16, is DENIED.

Entered June 4, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge