IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FRADARIO BRIM,

                Plaintiff,
  v.

CHRISTOPHER STEVENS, JAY VAN LANEN,
WILLIAM SWIEKATOWSKI, JOHN KIND,
SCOTT ECKSTEIN, CATHY FRANCOIS, and
AMY ZIRBEL,

                Defendants.

OPINION and ORDER

18-cv-24-jdp

      Pro se plaintiff Fradario Brim is a Muslim prisoner incarcerated at Wisconsin Secure Program Facility. He brings First, Eighth, and Fourteenth Amendment against officials at his former institution, Green Bay Correctional Institution, for allegedly conspiring to punish him for his religious practices and legal activity.

      Defendants filed a motion for partial summary judgment based on Brim's failure to exhaust his administrative remedies regarding some of his claims against them. Among the claims they asked the court to dismiss were Brim's First Amendment retaliation and substantive due process claims against prison officials Christopher Stevens and Jay Van Lanen for allegedly issuing a false conduct report against Brim and bribing inmates for fabricated inculpatory testimony about him. Defendants asserted that Brim failed to raise these issues as defenses at his disciplinary hearing and on appeal to the warden, as is required to exhaust conduct report-related grievances.

      In response, Brim argued that he indeed raised his grievances at these junctures even though there was no corroborating documentation in the underlying record. He explained that the hearing officer had intentionally failed to note the objections Brim raised during the hearing

on the hearing form. He also insisted that he had included a two-page written statement stressing his claims of fabrication and retaliation in his appeal to the warden, despite the absence of this statement from the institution's records of his appeal. Brim attached what he said was a copy of this missing statement to his opposition brief. Dkt. 31-1, at 11–12. In reply, defendants said they had no record of Brim ever submitting this document.

I held an evidentiary hearing on February 27, 2019 to resolve these and other exhaustion-related issues. Findings from that hearing are summarized in a previous order. *See* Dkt. 73. Regarding the claims against Sevens and Van Lanen, I found by a preponderance of the evidence that Brim had not raised his allegations orally during the hearing or in writing on appeal to the warden. I explained the various factors that led me to conclude that Brim was being untruthful, including credible testimony from Brim's staff advocate that Brim had not raised objections about retaliation at the hearing and implausible, inadequately explained discrepancies in Brim's written appeal documents. *See id.*, at 3–6. I ultimately concluded that the two-page document Brim said he submitted to the warden was fabricated, and that he did not in fact submit it along with his other appeal documents. So I dismissed Brim's First Amendment and substantive due process claims against Stevens and Van Lanen.

Defendants now ask me to dismiss Brim's entire case with prejudice and assess him a strike under 28 U.S.C. § 1915(g) as a sanction for his untruthful testimony and fabricated appeal document. Dkt. 75. "A district court has inherent power to sanction a party who 'has willfully abused the judicial process or otherwise conducted litigation in bad faith.'" *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (quoting *Salmeron v. Enterprise Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009)). I have already found by a preponderance of the evidence that Brim was untruthful in his testimony and in documents he submitted to the

court, so I conclude that sanctions are appropriate.[1] *See Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 778–81 (7th Cir. 2016), *cert. denied*, 138 S. Ct. 116 (2017).

The next question is what sanctions should be imposed. Defendants ask that I dismiss the case with prejudice. I am required to consider other, lesser sanctions before dismissing the case, *see Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014), but I conclude that a lesser sanction would not be effective. For instance, Brim is proceeding *in forma pauperis*, so it is unlikely that a monetary sanction would work. *See id.* at 687. Brim suggests that dismissing some of his claims on exhaustion grounds is a sanction enough in itself, but that is plainly inadequate. Were it not for Brim's false statements, his claims would have been dismissed on exhaustion grounds without the need for an evidentiary hearing, so the post-hearing dismissal of those claims doesn't provide any incentive for Brim to be truthful in the future.

I conclude that it is appropriate to dismiss the entire case as a sanction for submitting false evidence of exhaustion. This is consistent with my practice in other cases. *See, e.g.*, *Howell v. Broadbent*, No. 16-cv-477-JDP, 2018 WL 2223668, at *3 (W.D. Wis. May 15, 2018). Defendants ask that I also issue a strike under 28 U.S.C. § 1915(g). I think a strike would be warranted under the circumstances here, but I do not believe that a strike is authorized by the terms of the statute. But Brim should be aware that if he commits any misconduct in the future, I will impose harsher sanctions, which will include dismissal of all pending cases and a bar on filing cases in this court.

---

[1] In his brief in opposition to defendants' motion for sanctions, Brim asks the court to reconsider the facts it found during the evidentiary hearing. Dkt. 77, at 2. He contends that two of the defendants' witnesses lied, and he attaches a document that he says undermines the testimony provided by his hearing advocate. But nothing about Brim's submission undermines my key finding from the evidentiary hearing, which is that Brim fabricated an appeal document and lied to the court about it.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED with prejudice for plaintiff Fradario Brim's misconduct.

2. The clerk of court is directed to enter judgment for defendants and close the case.

Entered April 4, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge